## HIHN v. PECK *et als.*

IN a bill for partition among tenants in common and for injunction against cutting timber trees : *Held,* that defendants, being tenants in common, have the right to the enjoyment of the common estate, and to cut timber and use or dispose of it, at least to an extent corresponding to their share of the estate ; and that, as the complaint neither avers the insolvency of defendants, nor that they are exceeding this share, injunction does not lie.

*Query :* whether injunction would lie in such case, even if insolvency and excessive use of timber were averred.

APPEAL from the Third District.

Bill for partition of land and an injunction against cutting timber.

The complaint, verified, avers in substance that plaintiff and defendants (of whom there are a large number) are tenants in common of a tract of land containing about 32,000 acres, of which plaintiff is entitled to thirteen fifty-fourths; that as to the extent of the interest of the several defendants, plaintiff is ignorant; that the land cannot be divided among the respective owners without injury to them; that the land is covered with a large and valuable growth of redwood timber trees, which constitute its chief value, and the cutting and wasting of said trees is destructive to the principal value of the estate; that the defendants, Brady, Nichols, Savage and Bates, " are now and for a long time have been engaged in cutting down and wasting and destroying the timber trees growing on the land," and by so doing, are wasting and destroying the chief value of said estate; and that said named defendants will, if unrestrained, continue so to cut, waste and destroy said trees, to the great and irreparable injury of plaintiff and his other cotenants.     Prayer that each defendant be summoned to answer, and show his interest in the land, and that the same be determined; that the land be sold, and the proceeds divided among the owners; and that, in the meantime, the four defendants named above be enjoined from cutting and wasting the timber growing and standing on the premises, and for general relief.     Upon filing the complaint, a rule was issued for the defendants to show cause why an injunction should not be granted.     To the rule Bates answered; and, after hearing, an order was made granting an injunction restraining him from cutting down any of the timber growing upon the land. From this order Bates appeals.

*R. R. Provines*, for Appellant.

I.     The allegations of the complaint are insufficient.

1.     The title of the plaintiff is not set out with sufficient certainty. (*Van Winkle* v. *Curtis*, 2 Green's Ch. 422; *Nevitt* v. *Gillespie*, 1 How. [Miss.] 108; *Poindexter* v. *Henderson*, Walk. 176; *Branch Turnpike Co.* v. *Sup. Yuba County*, 13 Cal. 190.)

2. The complaint contains no allegation of the insolvency of defendant, nor of the inadequacy of relief at law. (*Tomlinson* v. *Rubio*, 16 Cal. 202 ; *Burnett* v. *Whitesides*, 13 Id. 156 ; *Branch Turnpike Co.* v. *Sup. Yuba County*, 13 Id. 196 ; *Cutting* v. *Carter*, 4 H. & M. 424.)

3. There is nothing to show that plaintiff is not himself doing the very acts of which he complains.

4. It does not appear that the trees are of such an age or growth as to be unfit to be cut, but the contrary. (*Martyn* v. *Knowllys*, 8 T. R. 145, and several of the cases below cited.)

5. It is not alleged that defendant is carrying away the timber so cut, and not using it to improve the land.

6. There is no pretense that defendant has cut, or is cutting, or will cut beyond his interest.

7. For anything that appears, defendant may have been clearing the land for cultivation. A tenant for life or years may do this ; *a fortiori* a tenant of the fee. (*Keeler* v. *Eastman*, 11 Vt. 293 ; *Findlay* v. *Smith*, 6 Munf. 142–148 ; *Perkins* v. *Coxe*, 2 Hayw. 339 ; *Shine* v. *Wilcox*, 1 D. & B. 631.)

II. Injunction does not lie in favor of one tenant in common against his cotenant in a case like this. (*Goodwin* v. *Spray*, 2 Dick. 667 ; *Smallman* v. *Onions*, 3 Bro. C. R. 621, [Perkins, 510] ; *Hale* v. *Thomas*, 7 Ves. 589; *Twort* v. *Twort*, 16 Id. 128 ; *Matts* v. *Hawkins*, 3 Taunt. 20 ; *Martyn* v. *Knowllys*, 8 T. R. 145 ; *Durham & S. R. R. Co.* v. *Wawn*, 3 Beav. 119 [43 Eng. Ch. R. 119] ; *Pyatt* v. *Winfield*, Mos. 305.) It is not waste for tenants in common to cut timber under ordinary circumstances. (*Martyn* v. *Knowllys, ubi supra ; Jackson* v. *Brownson*, 7 J. R. 227 ; *Hastings* v. *Crunckleton*, 3 Yeat. 261; *McCauley's Ex.* v. *Dismal Swamp L. Co.*, 2 Rob. 507.)

*R. F. Peckham*, for Respondent.

Appeal from an order granting an injunction upon bill without answers and on notice to show cause.

The allegations of the complaint are to be taken as true. The bill was for a partition ; and the acts enjoined went to the perpetual destruction of the estate. It was merely to prevent the cutting

down of growing timber not wanted for the use of the estate. (*Buckelew* v. *Estell*, 5 Cal. 108; *Natoma W. & M. Co.* v. *Clarkin*, 14 Id. 544; *Hawley* v. *Closus*, 2 Johns Ch. 122; Story's Eq., sec. 916; 2 Eden on Injunctions, 212–3 note 1; *Hale* v. *Thomas*, 7 Ves. 589.)

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

Bill for partition, and for injunction against cutting timber trees by the defendants. The defendants being tenants in common had a right to the enjoyment of the common estate, and to cut timber and use or dispose of it, at least, to an extent corresponding to their share of the estate. No insolvency is averred; nor that they are exceeding this share, nor any other facts which entitle them to this injunction. It is not necessary to decide whether these facts as to insolvency and excessive use of the timber would entitle the plaintiffs to the relief they seek. It is certain that upon this bill they are not so entitled.

Order granting injunction reversed, the injunction dissolved, and cause remanded.